## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RED-D-ARC INC.,

        Plaintiff,

v.

  AMP 2 LLC and TONI ENGLERT,

        Defendants.

_____/

Case No.: 6:24-cv-1087-LHP

### PLAINTIFF'S MOTION TO COMPEL AND FOR FEE-SHIFTING

Plaintiff Red-D-Arc Inc. ("RDA") respectfully moves to compel the Defendants to amend the accompanying highlighted responses to RDA's first set of interrogatories ("Rogs") and requests for production ("RFPs").  *See*, Ex. A (Rogs) and Ex. B (RFPs).  RDA is also "presumptively" entitled to fee-shifting.  *Neira v. Gualtieri*, 2024 WL 3826685, at *3 (M.D. Fla. Aug. 15, 2024).  Given the number of disputes, RDA also respectfully requests leave to file a 10-page brief.

For the Rogs, the Defendants did not assert any objections and cannot do so now.  Fed. R. Civ. P. 33(b)(4); Middle District Discovery Handbook (2021), § IV.B.1.  For multiple responses they improperly invoked Rule 33(d).  *See JH Brown Enterprises v. Am. Guarantee & Liab. Ins. Co.*, 2022 WL 19919878, at *3 (M.D. Fla. Mar. 30, 2022).  But even if Rule 33(d) *were*

available, they improperly identified hundreds of pages of records without specifying where the requested information could be found. *Cf.*, *Atl. Specialty Ins. Co. v. Pastukov*, 2017 WL 11504777, at *3 (M.D. Fla. June 12, 2017) (Rule 33(d) violated where party did not specify where information could be found in 624 pages identified, and also did not prove the burden of ascertaining the answer was substantially the same for both sides).

Moreover, the answers aren't "obvious from the specified documents." *JH Brown Enterprises*, 2022 WL 19919878, at *5. Taking interrogatory no. 9 for example, what product defects are "obvious" from the invoices bates-numbered 652-666? *See* Ex. C, pp. 1–15.

More fundamentally, how can every page of the exact same batches of hundreds of pages of records be "responsive" to a dozen different Rogs? RDA cannot feasibly ask witnesses about hundreds of pages of records in depositions, especially when the same voluminous records supposedly answer multiple Rogs. *See* Mannion Dec., ¶¶ 6–7. The Defendants also failed to provide legible copies of 37 pages of text messages they identified (Ex. D, pp. 1–37) despite RDA's written request on November 18th. *See*, Ex. F, p. 6, ¶ 3.

For Rog No. 12, they failed to explain what efforts they made to ascertain which *of their own employees* inspected RDA's products. *See Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (responding party must obtain information available to them or, if unable "to

2

make a full, fair and specific answer," disclose "in detail the efforts made to obtain the information.")

For the RFPs, they copied and pasted the same boilerplate objection throughout their responses (even including a typo) in violation of Rule 26(g)(3). Most of the RFP responses violate seven different legal requirements too numerous to address, including Rule 34(b)(2)(C) and by "[o]bjecting but answering subject to the objection[.]" *Steele v. Tynda Holdings, LLC*, 2019 WL 13247295, at \*2 (M.D. Fla. Apr. 17, 2019).

RDA maintains the RFP responses should be amended to confirm all documents located after a reasonable search were produced (or producing any documents withheld). *See*, Ex. B, Nos. 3, 5, 8, 10, 12, 13, 15, 20, and 21.

## LOCAL RULE 3.01(g) CERTIFICATION

Both of RDA's undersigned counsel conferred with defense counsel by Zoom for one hour on November 15, 2024. On November 27, 2024, the Defendants amended the Rogs, eliminating 2 disputed answers. The Defendants declined to amend the RFPs. The parties have not agreed to resolve any part of this motion. *See generally*, RDA's accompanying Rule 37(a)(1) declaration.

[*signature page follows*]

3

Dated:  December 2, 2024

Respectfully submitted,

*/s/ Michael A. Tessitore*
Michael A. Tessitore
Florida Bar No. 948039
Moran Kidd Lyons Johnson Garcia, P.A.
111 N. Orange Ave., Suite 900
Orlando, Florida 32801
Tel.: (407) 841-4141
MTessitore@MoranKidd.com

– and –

*/s/ David M. Mannion*
David M. Mannion (*pro hac vice*)
NY Bar No. 4472486
BLAKELEY LC
530 Technology Drive, Suite 100
Irvine, California 92618
Tel.: (949) 260-0611
DMannion@BlakeleyLC.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send an electronic service copy to:

M. Scott Thomas
Robert C. Graham
Burr & Forman LLP
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202

*Attorneys for Defendants*

*/s/ David M. Mannion*
Attorney

4