# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RED-D-ARC INC.,

        Plaintiff,

v.                                                        Case No:   6:24-cv-1087-LHP

AMP 2 LLC and TONI ENGLERT,

        Defendants

_____

## ORDER

    This cause came on for consideration without oral argument on the following motions filed herein:

| |
|---|
| **MOTION:   PLAINTIFF'S MOTION TO COMPEL AND FOR FEE-SHIFTING (Doc. No. 45)** |
| **FILED:   December 2, 2024** |
| |
| **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**. |

| |
|---|
| **MOTION:   PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR FEE-SHIFTING (Doc. No. 48)** |
| **FILED:   December 20, 2024** |
| |

**THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**

This case involves a relatively straightforward claim for breach of contract with related state claims concerning Defendants' failure to pay various invoices under a National Account Agreement with Plaintiff.   Doc. Nos. 1, 40.   Now before the Court are two motions to compel, both filed by Plaintiff, through which Plaintiff claims that Defendants have insufficiently responded to various interrogatories and requests for production.   Doc. Nos. 45, 48; *see also* Doc. No. 47.   Defendants have timely responded to both motions.   Doc. Nos. 49-50.   For the reasons discussed below Plaintiff's first motion will be granted in part and denied in part and the second motion will be denied without prejudice.

I.    **Plaintiff's First Motion to Compel (Doc. No. 45)**

    A.    *The Interrogatory Responses*

Plaintiff first contends that for several of their responses to Plaintiff's First Set of Interrogatories (Interrogatories 9-12, 14-15, 17-20, 25-27), Defendants improperly refer to hundreds of pages of documents, which is non-responsive, evasive, and in violation of Federal Rule of Civil Procedure 33(d).   Doc. No. 45, at 1-3; Doc. No. 47 at 1-6; *see also* Doc. No. 45-2.   Plaintiff also contends that Defendants did not raise any objections to the Interrogatories, thus all objections have been waived, that Defendants have failed to produce legible copies of text messages that were

produced in response to the Interrogatories, that Defendants have not provided a full and complete response to Interrogatory No. 12, and that Defendants have to date failed to verify their Interrogatory responses.   Doc. No. 45, at 2; Doc. No. 47, at 7.

In response, Defendants argue that their reference to documents produced to Plaintiff fully complies with Rule 33(d), and that the documents specifically identify information requested in the Interrogatories.   Doc. No. 49, at 2-6.   Defendants do not address Plaintiff's arguments regarding production of legible copies of text messages, their response to Interrogatory No. 12, or the failure to verify their Interrogatory responses.   *Id.*

### 1.    *Rule 33(d) Production*

Federal Rule of Civil Procedure 33(d) provides that in certain circumstances a party may answer an interrogatory by referring to that party's business records, specifically when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served."   Fed. R. Civ. P. 33(d).   When the responding party relies on Rule 33(d) to respond to an interrogatory, the party seeking discovery must make a *prima facie* showing that "the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons."   *Int'l Aerospace Group Corp. v. Evans*

- 3 -

*Meridians Ltd.*, No. 16-24997-CIV, 2017 WL 1927957, at *3 (S.D. Fla. May 10, 2017) (quoting *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002)).   Once the seeking party has made a *prima facie* showing, the burden shifts to the responding party to justify its use of Rule 33(d).   *Id.*

"The producing party must satisfy a number of factors in order to meet its justification burden.   First, it must show that a review of the documents will actually reveal answers to the interrogatories."   *Elfindepan, S.A.*, 206 F.R.D. at 576. Second, the producing party is required to specify for each interrogatory "the actual documents where [the] information will be found."   *Id.* (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2178, at 336 (2d ed. 1994)); *Int'l Aerospace Grp. Corp.*, 2017 WL 1927957, at *4. Moreover, in order "for Rule 33(d) to apply, the burden of ascertaining the answer from the documents at issue must be substantially the same for either party.   When one party is substantially more familiar with the documents at issue than the other, the burden will generally not be the same."   *Jones Creek Invs., LLC v. Columbia Cty., Ga.*, No. CV 111-174, 2012 WL 12898402, at *5 n.9 (S.D. Ga. Nov. 8, 2012) (internal citation omitted) (citing *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 454 (W.D.N.C. 1991)); *see also Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *3 (M.D. Fla. June 11, 2008).   "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious

from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T-17-MAP, 2007 WL 4247767, at *2 (M.D. Fla. Dec. 3, 2007) (citations omitted).

The Court has reviewed the Interrogatories and responses at issue, including the documents that were produced by Defendants, Doc. Nos. 45-2, 45-4, 45-5, 45-8, 45-9, and finds that Plaintiff has made a *prima facie* showing that Defendants' use of Rule 33(d) was inadequate – in particular that the information is not fully contained in the documents provided.   The Interrogatories at issue request a range of information, including:   identifying items that Defendants contend were defective or nonconforming (Interrogatories 9 and 10); how and when Defendants notified Plaintiff of the defects/nonconformities and/or objected to any of the terms of the Disputed Invoices (Interrogatories 11, 14, 15, 17); specifying what express or implied warranties Defendants assert Plaintiff breached (Interrogatories 18, 20); identifying any contractual obligations Defendants contend Plaintiff breached (Interrogatory 19); identifying generator units for which Defendants claim they should not have been charged (Interrogatory 25); and identifying incorrect fuel charges and incorrect freight charges for which Plaintiff billed Defendants

(Interrogatories 26-27).    These Interrogatories seek facts supporting various allegations and contentions by Defendants.[1]

For each of these Interrogatories, Defendants point to 351 pages of annotated invoices (Interrogatories 9-11, 14-15, 17-20, 25-27), and for most of them Defendants point to the 52 pages of text messages as well (Interrogatories 9-11, 14-15, 17-20). Doc. No. 45-2; *see also* Doc. Nos. 45-4 (invoices) and 45-5 (text messages).    The invoices were generated by Plaintiff and contain various annotations apparently made by someone on behalf of Defendants.    But the annotations consist in large part of illegible handwritten notes, portions of the invoices are circled without explanation, and some of the invoices are covered by post-it notes that also make no sense.    And the text messages are also largely unreadable.    Yet Defendants contend that all 351 pages of invoices and all 52 pages of text messages are responsive to all of the Interrogatories at issue.

The Court disagrees.    Although these invoices and text messages do provide some information, they clearly do not provide all of the information sought by Plaintiff.    For example, they do not allow Plaintiff to determine which items are alleged to be defective or nonconforming, the warranties and/or contractual obligations Defendants claim Plaintiff breached, nor do they explain the manner in

---

[1] Defendants have never challenged the relevancy of any of the Interrogatories.

which any concerns regarding the parties' contractual obligations or objections thereto were communicated to Plaintiff.   In other words, these brief annotations and unreadable texts do not, by themselves, support Defendants' contentions or allegations in this case.   Moreover, the Court finds it hard to believe that the same 351 invoices and the same 52 pages of text messages provide complete responses to every single Interrogatory at issue.

Defendants' production of a lone March 14, 2023 email (Doc. No. 45-9) and a 29-page Audit Invoice spreadsheet (Doc. No. 45-8) does not cure Defendants' deficiencies.   Both documents address some of the information requested in the Interrogatories but not all.   The email is largely generic in substance, and does not identify with specificity the areas of inquiry in the Interrogatories.   Similarly, the Audit Invoice addresses some disputed invoices and generators, but also is not responsive to all of the Interrogatories, in fact it is only listed in response to Interrogatories 19 and 25-27.

The Court further finds that Defendants have failed to satisfy their burden to justify the use of Rule 33(d) in responding to the Interrogatories at issue.   To begin, the Court does not find that the burden of ascertaining the answers from the documents at issue is substantially the same for both sides.   As noted above, the text messages and the annotations on the invoices are in large part undecipherable, thereby precluding Plaintiff (as well as the Court) from gleaning any information

from these documents. In addition, the Interrogatories are directed towards Defendants' claims of defective/nonconforming products, breaches of warranties and contractual obligations, and incorrect charges. Such information is in the hands of Defendants – indeed they would be required to answer questions about these issues at deposition. *See Prolow v. Aetna Life Ins. Co.*, No. 9:20-CV-80545, 2022 WL 3024754, at *6 (S.D. Fla. July 26, 2022) (defendant could not justify the use of Rule 33(d) to avoid answering questions it would be required to answer via a deposition). To expect Plaintiff to have this information would in essence be forcing Plaintiff to admit its claims are without merit. Moreover, as discussed above, Defendants have not sufficiently established that the information Plaintiff seeks is actually contained in the invoices and text messages that Defendants refer to without further explanation.

For these reasons, Plaintiff's motion to compel will be granted as to Interrogatories 9-11, 14-15, 17-20, 25-27. *See Luc v. Korean Air Lines Co.*, No. 1:18-cv-5900-LMM, 2019 WL 7824597, at *1 (N.D. Ga. July 9, 2019) ("[I]f a party chooses to produce documents in lieu of responding to an interrogatory, it has the duty under Rule 33(d) 'to provide documents from which the response to the interrogatory is clearly ascertainable.'" (quoting *E&J Gallo Winery v. Cantine Rallo, S.p.A.*, No. 1:04-CV-5153-0WW-DLB, 2006 WL 3251830, at *5 (E.D. Cal. Nov. 8, 2006))); *Int'l Aerospace Grp.*, 2017 WL 1927957, at *5 ("Many courts have found that

vague references to documents do not suffice under Rule 33(d) in connection with a broad and detailed discovery request." (citations omitted)); *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, No. 3:13-cv-306-J-34JRK, 2015 WL 12838176, at *7 (M.D. Fla. Aug. 18, 2015) (finding that a party could not satisfy Rule 33(d) by simply stating that the requested information "'will likely fall' somewhere in a 'range' of documents encompassing over eight hundred pages" because it did not satisfy "the responsibility either to convey the requested information or to direct [the opposing party] with 'sufficient detail' to the specific records containing the information").[2]

_____

[2] Defendants' reliance on *JH Brown Enterprises v. Am. Guarantee & Liab. Ins. Co.*, No. 8:21-cv-2020-TPB-SPF, 2022 WL 19919878, at *3 (M.D. Fla. Mar. 30, 2022), to argue that Rule 33(d) is properly invoked where the burden of obtaining responsive information is the same for either party is unpersuasive because, as discussed herein, the Court does not find the burden of ascertaining the answers from the documents at issue to be substantially the same for both sides. And *JH Brown* actually supports Plaintiff's position because there, production of an entire claim file in response to interrogatories without specifying responsive documents within the claim file did not suffice. *Id.* at *4.

Defendants also cite *Tawreed Companies Representation v. ISO Grp., Inc.*, No. 6:11-cv-144-Orl-35GJK, 2011 WL 13298825, at *1 (M.D. Fla. Dec. 21, 2011), for the proposition that use of Rule 33(d) is appropriate where an interrogatory would require a "party to engage in burdensome or expensive research into his own business records in order to give an answer." Doc. No. 49, at 3. But, besides citation to this general principle in *Tawreed*, the Rule 33(d) issue resolved on the responding party's failure to specify the responsive records in sufficient detail to enable the opposing party to locate and identify them, much like here, and thus *Tawreed* does not support Defendants' position. And the Court further finds Defendants' attempt to distinguish the case law on which Plaintiff relies is unpersuasive given the circumstances of this case. *See* Doc. No. 49, at 4–5.

2.    *Interrogatory No. 12*

Interrogatory No. 12 asks Defendants to provide the name, address, cellphone number, and email address for all individuals who inspected the items identified in the Disputed Invoices for defects or nonconformities on behalf of Defendant AMP 2 LLC.   Doc. No. 45-2, at 5.[3]   In response, Defendants state that they "are unable to identify the individuals who inspected the items identified in the Disputed Invoices," and instead provide a list of names for persons who worked at the various locations where units were delivered, stating that "any one of these individuals may have inspected the items identified in the Disputed Invoices."   *Id.*, at 5-6.   Plaintiff contends that this response is insufficient because it does not explain the efforts Defendants undertook to answer this Interrogatory.   Doc. No. 45, at 3.

The Court agrees with Plaintiff.   *See Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should state under oath and should set forth in detail the efforts made to obtain the information" (citation omitted)).   Defendants have nowhere explained why they are unable to identify the relevant persons, and they have raised no argument on

––––––––––––––––––––

[3] Pinpoint citations to the record refer to the internal pagination on the documents.

this issue in their response.   Doc. No. 49.   *See Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned).   Thus, the motion to compel as to Interrogatory No. 12 will be granted.   *See also, e.g.*, *Jones v. Jones*, No. 3:18-cv-1522-J-34JBT, 2019 WL 10375475, at *2 (M.D. Fla. Aug. 14, 2019) (ordering responding party to file supplemental response to interrogatory to include specific information, and to the extent that after reasonable inquiry the information could not be obtained, to provide a full and adequate description of the efforts undertaken to locate the information).

### 3.   *Text Messages and Verified Responses*

This leaves two final issues – the production of legible text messages and verification of the Interrogatories themselves.   Defendants do not address either of these issues in their response.   Doc. No. 49.   And a review of the produced text messages shows that they are, indeed, largely unreadable.   *See* Doc. No. 45-5. However, as set forth in the Rule 37(a)(1) Declaration of David Mannion (Plaintiff's *pro hac vice* counsel) attached to Plaintiff's second motion to compel, it appears that Defendants have now provided verified Interrogatory responses.   Doc. No. 48-1, ¶ 6.   Accordingly, the present motion to compel will be granted as to the

production of legible text messages and denied as moot as to the verification of the Interrogatory responses.[4]

B.      *The Requests for Production*

Next, Plaintiff contends that in several of their responses to Plaintiff's First Request for Production (Requests 3, 5, 8, 10, 12-13, 15, 20),[5] Defendants merely "copied and pasted the same boilerplate objection" and violated Federal Rule of Civil Procedure 34(b)(2)(C) by "objecting but answering subject to the objection." Doc. No. 45, at 3; Doc. No. 47, at 7-10; *see also* Doc. No. 45-3.   Plaintiff further complains that Defendants have not disclosed whether they have withheld any documents on the basis of any listed objections, that Defendants stated they will produce non-privileged documents but have not confirmed whether they have withheld any documents on the basis of privilege, that Defendants' production was untimely, and that Defendants have improperly withheld records substantiating the expenses that they claim Plaintiff is responsible for.   Doc. No. 47, at 7-10.

_____

[4]  In the Declaration of David Mannion, he avers that the "verified responses changed four answers in a material way."   Doc. No. 48-1, ¶ 6.   Attorney Mannion provides no further explanation nor does Plaintiff otherwise address this in its second motion to compel.   Doc. No. 48.   As such, the Court presumes that the verified responses do not impact the first motion to compel (beyond the request that Defendants provide verification) and the Court does not address this averment any further.

[5]  Plaintiff has withdrawn its motion as it pertains to Request for Production 21.   *See* Doc. No. 47, at 1.

In response, Defendants argue that their objections are not boilerplate, but rather are specifically tailored to Plaintiff's use of the phrase "documents concerning" which is "extremely broad." Doc. No. 49, at 6. Defendants further argue that they identified the scope of documents to be produced with respect to each Request for Production and have produced same, and that Plaintiff is not challenging the scope of production, but only Defendants' objections. *Id.*, at 6-7. With respect to Plaintiff's contention regarding records substantiating expenses, Defendants state that they have no pending claims against Plaintiff for damages or expenses, and therefore Plaintiff's Request for Production is irrelevant. *Id.*, at 7-8. And as for privileged documents, Defendants confirm that they have not withheld any documents on the basis of privilege. *Id.*, at 8. However, Defendants do not address Plaintiff's contentions regarding the timing of their production. Doc. No. 49.

With respect to Plaintiff's claim regarding boilerplate objections, each of the Request for Production at issue start off with the term "Documents Concerning," and Defendants assert the following identical language in each of the responses:

> Defendants object to Request No. [. . .] as vague, overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence as the formulation 'Documents Concerning' is impractically vague and would result in burdensome internal searches certain to capture privileged and irrelevant document. Subject thereto, Defendants will produce non-privileged . . . .

Doc. No. 45-3.

This language is not a boilerplate objection, as it identifies the precise language at issue – "Documents Concerning"- and explains why that language is objectionable.   *See Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008) (a party must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome; *AARP v. Kramer Lead Mktg. Grp.*, No. 3:03-cv-1033-J-99MCR, 2005 WL 8159632, at *3 (M.D. Fla. Jan. 20, 2005) (sustaining objection on the basis of overbreadth to request for production using the phrase "all documents concerning" and limiting the production to a more narrow category of documents).   Plaintiff does not provide any clarification or narrowed definition for this phrase in either its motion, supplemental briefing, or attached redline conferral, and the Court also finds this phrase to be overbroad on its face as it could encompass a plethora of documents, including potentially privileged documents. *See* Doc. Nos. 45, 45-6, 47.   *See also Wesolek v. Wesolek*, No. 2:19-cv-463-JES-MRM, 2021 WL 3576460, at *4 (M.D. Fla. Mar. 24, 2021) (sustaining in part objection on the basis of overbreadth and undue burden to request for production using the phrase "all documents concerning" and limiting the production); *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, No. 6:18-cv-192-Orl-37DCI, 2018 WL 6983622, at *3 (M.D. Fla. Nov. 20, 2018) (denying motion to compel even though objections were

boilerplate where the requests for production used terms "relating to" and "all documents" and were thus overbroad on their face).

The Court also does not find Defendants' use of the "subject to" language in its responses to be problematic because, unlike in the typical case where a party simply states "subject to and notwithstanding the objections, the party will produce responsive documents," Defendants again provide detail. For example, in response to Request No. 5, which requests documents concerning any objections Defendants made concerning the disputed invoices, Defendants respond that "Subject thereto [the objection to the term "Documents Concerning"] Defendants will produce non-privileged documents stating or evidencing objections to any of the terms of the Disputed Invoices." Doc. No. 45-3, at 3-4. Defendants make similarly detailed statements in response to the other Requests for Production at issue. *See generally* Doc. No. 45-3. Defendants' responses are appropriate and clearly identify the scope of the documents they have produced. Plaintiff's motion to compel will therefore be denied on this basis. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011) ("A party that objects to a request as overbroad, when a narrower version would not be objectionable, should ordinarily produce documents responsive to the narrower version without waiting for a resolution of the dispute over the scope of the request. When production is limited by a party's objection, the producing party should

clearly describe the limitation in its response." (citation and quotation marks omitted)); Middle District Discovery (2021) § (III)(A)(8); *see also Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-cv-1823-Orl-31LRH, 2019 WL 4671166, at *5 (M.D. Fla. July 11, 2019) ("[A] party may properly assert specific partial objections to discovery requests, and produce responsive documents subject to the objection, so long as that party specifies the narrowed scope of the production."); *Fed. Trade Comm'n v. Vylah Tec LLC*, No. 2:17-cv-228-FtM-99MRM, 2018 WL 3656474, at *4 (M.D. Fla. Aug. 2, 2018) (finding that because the responding party followed the procedure set forth in the Middle District Discovery Handbook in objecting on overbreadth grounds but producing limited responsive documents, the overbreadth objection was not waived).

With respect to any issues concerning privilege, Defendants clarify in their response that they have not withheld any documents on the basis of privilege. Doc. No. 49, at 8. Therefore, this portion of Plaintiff's motion to compel will be denied as moot. And with respect to Plaintiff's complaints regarding timing of Defendants' production, this issue is not raised in the original motion but only in the supplemental briefing, therefore it is arguably untimely itself. Moreover, it appears that this issue relates to the production of a privilege log, and as noted above, there is no need for a privilege log at this time. *See* Doc. No. 47, at 9-10. Thus, the motion to compel will be denied on the basis of timeliness as well.

Last, the Court will deny the motion to compel as it relates to Request for Production No. 20, which requests all "Documents Concerning all damages or expenses (Including compensatory, consequential, and incidental damages and lost profits) that [Defendants] claim [Plaintiff] is legally responsible for, Including accounting records, copies of wire transfer receipts and cancelled checks (front and back) showing [Defendants'] payment of expenses, and financial statements." Doc. No. 45-3, at 9-10.    Defendants objected both to the term "Documents Concerning" and on the basis of relevancy.    *Id.*[6]

The Court has already ruled on the objections related to the term "Documents Concerning."    And Plaintiff does not explain the relevancy of this request in either its motion or supplemental briefing.    Doc. No. 45, at 3; Doc. No. 47, at 10.    "When relevancy of a discovery request is not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy."    *Siddiq*, 2011 WL 6936485, at *2 n.3 (quoting *Zorn v. Principal Life Ins. Co.*, No. CV 609-081, 2010 WL 3282982, at *2 n.3 (S.D. Ga. Aug. 18, 2010)); *see also Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-cv-219-FtM-29MRM, 2016 WL 7130939, at *2 (M.D. Fla. July 19, 2016) (citation omitted) ("If the relevancy of the information

---

[6] Defendants' objection states that Request 20 is "not reasonably calculated to the discovery of admissible evidence," Doc. No. 45-3, at 10, which the parties construe as a relevancy objection, as does the Court.

sought cannot be discerned from the discovery request itself, then the party seeking to compel discovery must demonstrate relevancy.").   In any event, Defendants clarify in their response that they are not seeking any damages or expenses from Plaintiff at this time, which Plaintiff acknowledges renders Request No. 20 moot. Doc. No. 49, at 7-8; Doc. No. 47, at 10 ("If the Defendants had said that [Plaintiff] is not responsible for any such expenses, they could have rendered this request moot.").

     *C.*    *Sanctions*

Plaintiff seeks an award of fees, arguing that it is "presumptively" entitled to fee-shifting.   Rule 37 provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   Fed. R. Civ. P. 37(a)(5)(A).   However, Rule 37 further provides that payment of fees "must not" be ordered where "the opposing party's nondisclosure, response, or objection was substantially justified."   Rule 37(a)(5)(A)(ii).   Because the Court has granted in part and denied in part Plaintiff's motion, and because the Court has found at least some of Defendants' objections and arguments to be substantially justified, the Court will decline to award sanctions.   *See also* Fed. R. Civ. P. 37(a)(5)(C).

## II.    The Second Motion to Compel (Doc. No. 48)

Plaintiff's second motion to compel relates to Request for Production No. 23, which was part of Plaintiff's Second Request for Production.   Doc. No. 48-2.   This request seeks "[f]or the period June 1, 2023, onwards, all Documents (including emails and text messages) [Defendants have] exchanged with Michael Stevens Concerning [Plaintiff's] claims against [Defendants] and/or this lawsuit."   *Id.* Defendants responded on December 16, 2024 as follows: "Defendants will produce non-privileged, responsive documents in their custody, possession, or control."   *Id.* And according to the motion and response, Defendants will produce those documents on December 27, 2024.   Doc. No. 48, at 2; Doc. No. 48-1, ¶ 4; Doc. No. 50, at 2.

Plaintiff seeks an order overruling any privilege objections, requiring Defendants to produce the requested documents immediately and to amend their response to confirm all responsive documents have been produced after a reasonable search, and sanctions.   Doc. No. 48.   Plaintiff spends a large portion of the motion complaining about the perceived delays in receiving discovery from Defendants in response to its First Set of Interrogatories and First Requests for Production.   *Id.*   Plaintiff also argues the importance of receiving the documents prior to depositions and mediation scheduled in February 2025.   *Id.*, at 2.

But what Plaintiff does not do is explain how Defendants – at this juncture – have violated any Federal Rules of Civil Procedure.   Notably, Plaintiff nowhere argues that Defendants' production in response to Request No. 23 is untimely, *see* Fed. R. Civ. P. 34(b)(2)(A), and does not explain why an 11-day delay between the response and document production is sanctionable.   In fact, Plaintiff does not even identify when this discovery request was served on Defendants.   And because production had not yet occurred on the filing of this motion, any arguments relating to privilege objections and/or a privilege log are premature and speculative.   *Id.*, at 2-3.   Moreover, given that production was set to occur on December 27, 2024, it appears that the motion may also now be moot.

Rather, it seems that Plaintiff is using this motion in large part to rehash complaints with Defendants' Interrogatory and First Request for Production responses, which have been addressed above.   Doc. No. 48, at 1-3; Doc. No. 48-1, at 2.   For these reasons, Plaintiff's motion will be denied without prejudice.[7]

## III. Conclusion

Accordingly, it is **ORDERED** as follows:

---

[7] Based on the representations by Defendants in their response, *see* Doc. No. 50, at 2, the Court has concerns as to whether Plaintiff properly conferred in good faith before filing this motion.   While the Court understands the stressors of litigation, all parties and counsel – including *pro hac vice* counsel – are reminded of their obligation to engage in civil and cooperative discovery at all times.

1.      Plaintiff Red-D-Arc, Inc.'s Motion to Compel and for Fee-Shifting (Doc. No. 45) is **GRANTED IN PART AND DENIED IN PART**.

2.      Within **fourteen (14) days** of the date of this Order, Defendants AMP 2 LLC and Toni Englert shall produce to Plaintiff legible copies of all previously provided text messages.   *See* Doc. No. 45-5.

3.      Within **fourteen (14) days** of the date of this Order, Defendants shall provide full and **verified** amended answers to Interrogatories 9-12, 14-15, 17-20, 25-27.

4.      In all other respects, the Motion (Doc. No. 45) is **DENIED**.

5.      Plaintiff Red-D-Arc, Inc.'s Second Motion to Compel and for Fee-Shifting (Doc. No. 48) is **DENIED WITHOUT PREJUDICE**.

6.      Failure to comply with this Order may result in sanctions.   *See* Fed. R. Civ. P. 37(b).

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties