**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RED-D-ARC INC.,

Plaintiff,

v. Case No.: 6:24-cv-01087-LHP

AMP 2 LLC, TONI ENGLERT,

Defendants,

---

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Judgment and Accompanying Memorandum of Law. Doc. No. 63. No responses to the motion have been filed, and the Court deems the motion to be unopposed in all respects. *See* Local Rule 3.01(d). Upon consideration of same, the unopposed motion (Doc. No. 63) is **GRANTED**.

In short, the Court reserved jurisdiction in this case to enforce the parties' February 26, 2025 settlement agreement. Doc. No. 57; *see* Doc. No. 56-2. Under the settlement agreement, Defendants agreed, jointly and severally, to pay monthly installment payments to Plaintiff from April 30, 2025 through June 30, 2027. Doc.

No. 56-2 ¶ 1; *see also id.* at 21 (promissory note executed by both Defendants).[1] The settlement agreement contains an acceleration clause:

> If an Event of Default occurs, the entire unpaid balance of the Settlement Sum will be immediately due and payable in full by the Defendants, jointly and severally, and will bear simple interest at 18% per annum from the date of the Event of Default until the Settlement Sum, the Plaintiff's reasonable attorneys' fees, and all accrued interest thereon are fully paid.

*Id.* ¶ 5. In the event of default, Defendants agreed to "immediate entry of a judgment substantially in the form attached as Exhibit B (the 'Judgment') for $715,000.00, less a credit for amounts paid[.]" *Id.* ¶ 9; *see also id.* at 18–19 (Exhibit B consent judgment).

Defendants failed to make the required June 30, 2026 payment. Doc. No. 63-1 ¶ 2. Plaintiff notified Defendants of the default, and they failed to cure. Doc. No. 63-1 ¶¶ 3–4; *see also* Doc. No. 63-3.

Defendants were represented in this case by counsel until July 31, 2026, when their counsel withdrew. Doc. Nos. 60, 61. Defendant AMP 2 LLC had twenty (20) days to retain counsel and cause an appearance in this case, but it did not. *See* Doc. No. 61, at 2. Defendant Toni Englert has since proceeded *pro se*. *Id.* at 2–3. On August 25, 2026, Plaintiff filed its motion to enforce the settlement, given

[1] Pinpoint citations refer to the pagination provided by CM/ECF, rather than the internal pagination on the document.

Defendants' June 30, 2026 default, seeking to accelerate the total amount due and outstanding ($315,000.00), plus associated interest, and the entry of a modified version of the consent judgment pursuant to the terms of the parties' agreement. Doc. No. 63.[2] The motion was served on both Defendants, but neither has responded. *See id.* at 9.

Given the representations in the motion (Doc. No. 63) and the related exhibits filed in support (Doc. Nos. 63-1 through 63-5), the Court finds Plaintiff's request for entry of a modified version[3] of the consent judgment (Doc. No. 63-4) well taken. *See generally Disability Advocs. & Counseling Grp., Inc. v. E.M. Kendall Realty, Inc.*, 366 F. App'x 123, 125 (11th Cir. 2010) ("When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the agreement functions as a consent decree that the district court has jurisdiction to enforce." (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–82 (1994); *Smalbein ex rel. Estate of Smalbein v. City of Daytona*

[2] Plaintiff filed a prior version of this motion on July 23, 2026, but that motion was denied without prejudice for failure to comply with the Local Rules. Doc. Nos. 58, 59.

[3] Plaintiff eliminates from the consent judgment its request for fees, as well as language regarding the preclusive effect of the judgment. *Compare* Doc. No. 63-4, *with* Doc. No. 56-2, at 18–19. The Court notes that Defendants consented to entry of judgment "substantially in the form" attached as Exhibit B to the settlement agreement. Doc. No. 56-2 ¶ 9.

*Beach*, 353 F.3d 901, 905 (11th Cir. 2003); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320–21 (11th Cir. 2002))).[4]

Accordingly, Plaintiff's motion (Doc. No. 63) is **GRANTED**. It is **ORDERED** that Judgment is hereby **ENTERED** in favor of Plaintiff Red-D-Arc Inc. and against Defendants AMP 2 LLC and Toni Englert, jointly and severally, for $315,000.00, plus simple interest of 18% per annum from the occurrence of an Event of Default (as defined in the Settlement) in the amount of $5,436.99, making in all the sum of $320,436.99. Postjudgment simple interest will continue to accrue at 18% per annum until this judgment is fully paid and Plaintiff shall have immediate execution on this judgment. It is further **ORDERED, ADJUDGED, AND DECREED** that this Judgment has the same force and effect as a valid, adverse, final, nonappealable judgment against Defendants after a trial on all of Plaintiff's claims in this case.

**DONE** and **ORDERED** in Orlando, Florida on September 25, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

[4] Unpublished opinions of the Eleventh Circuit are not binding, but may be cited as persuasive authority. *See Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007). *See also* 11th Cir. R. 36-2.